# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| SHELLEY BEARD | * | Case No. |
| 2429 Parliament Square | | |
| Toledo, Ohio 43617 | * | Judge |
| | | |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND** |
| v. | | **ENDORSED HEREON** |
| | * | |
| OWENS STATE COMMUNITY | | |
| COLLEGE | * | |
| 30335 Oregon Rd | | Francis J. Landry (0006072) |
| Perrysburg, Ohio 43551 | * | Katherine A. Pawlak (0086885) |
| | | **WASSERMAN, BRYAN, LANDRY** |
| And | * | **& HONOLD, LLP** |
| | | 1090 W. South Boundary St |
| OWENS COMMUNITY | * | Suite 500 |
| COLLEGE FACULTY | | Perrysburg, Ohio 43551 |
| ASSOCIATION | * | Telephone: (419) 243-1239 |
| 30335 Oregon Rd | | Facsimile: (419) 243-2719 |
| Perrysburg, Ohio 43551 | * | Email: FLandry308@aol.com |
| | | kpawlak@wblhlaw.com |
| | | Attorneys for Plaintiff |
| Defendant. | | Shelley Beard |

\*    \*    \*    \*    \*    \*    \*    \*

## JURISDICTION

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action brought pursuant to 42 U.S.C. Sections 2000e et seq., known as Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment.  On November 6, 2019, Plaintiff filed a

1

Charge of Discrimination against Owens Community College with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission, charge no. 22A-2020-00422C attached and incorporated by reference as if fully restated herein, attached hereto as Exhibit A. On July 16, 2020 the District Director of the EEOC notified Plaintiff of her right to file suit in an appropriate federal district court within ninety (90) days, attached hereto as Exhibit B. On November 6, 2019, Plaintiff filed a Charge of Discrimination against Owens Community College Faculty Association with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission, charge no. 22A-2020-00588Cattached and incorporated by reference as if fully restated herein, attached hereto as Exhibit C. On July 16, 2020 the District Director of the EEOC notified Plaintiff of her right to file suit in an appropriate federal district court within ninety (90) days, attached hereto as Exhibit D.

## PARTIES

2. Plaintiff, Shelley Beard is a female citizen of the United States and a resident of the City of Toledo, and the County of Lucas, who has been employed by Defendant since August of 1994.

3. Defendant Owens State Community College ("Defendant Owens") is a state community college of the state of Ohio, with a location in the City of Perrysburg, County of Wood, State of Ohio. Defendant is an employer within the meaning of Title VII and the ADAAA in that it employed more than twenty (20) employees at all times material hereto.

4. Defendant, Owens Community College Faculty Association ("Defendant Union") is a labor union of the state of Ohio, with a location in the City of Perrysburg, County of Wood, State of Ohio. Defendant is an employer within the meaning of Title VII and the ADEA in that it employed more than twenty (20) employees at all times material hereto.

## FACTS

2

5.      Plaintiff has been employed as a full-time faculty member in the English Department with Defendant since August of 1994.

6.      Plaintiff performed her job well, and was a highly rated and skilled member of Defendant's faculty.

7.      On March 1, 2019, Plaintiff was informed at a meeting that enrollment in the Developmental English area had been declining, and that in future semesters if the trend continued, there would be layoffs.

8.      At that time, Developmental English faculty members were not permitted to select credit English courses for load, even though there were courses available.

9.      Plaintiff inquired from her Union President as to why she was not provided with a two year notice and retraining, as required by the contract. She was told that the Developmental English department was not a program, so the clause did not apply.

10.     Plaintiff then asked why they did not receive notification of a lay off by March, and was told that she was in an "area" not a department, so that notification did not apply.  The contract does not define the terms "area" or "department."

11.     Through the summer, there were enough classes so there was no indication that any faculty would be laid off. Faculty was informed that as long as there were classes they were qualified to teach, they would have a job.

12.     On August 1, 2019, Plaintiff received a notice to be present at a meeting on August 8, 2019. Plaintiff learned that she and four other faculty members were to be laid off at the meeting.

13.     Plaintiff attended the meeting on August 8, 2019, at which time she was notified that her position as Full-time Faculty in the English Department was eliminated effective August 17, 2019 due to "an enrollment decrease in the English Development Education courses."

14.     Plaintiff was laid off despite the fact that that there were courses she was qualified to teach available in her department. In Plaintiff being terminated, the contract was violated, as she was not afforded the right to select courses via the highest association seniority in the English Department, nor was she afforded the right to select courses as a qualified bargaining unit member with full-time teaching responsibilities in the English Department.

**FIRST CLAIM FOR RELIEF**
**Gender Discrimination—Title VII**
**Against Both Defendants**

15.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fourteen (14) of this Complaint, supra, by reference in its entirety as if fully restated herein.

16.     Plaintiff is a female individual.  Plaintiff performed her job well, and was a highly rated and skilled member of Defendant Owens' faculty. Plaintiff also was a member in good standing of Defendant Union.

17.     Plaintiff attended the meeting on August 8, 2019, at which time she was notified that her position as Full-time Faculty in the English Department was eliminated effective August 17, 2019 due to "an enrollment decrease in the English Development Education courses."

18.     Plaintiff was informed by the Union President that they would not file a grievance, as the Union did not believe there was a contract violation.

19.     Plaintiff was laid off despite the fact that that there were courses she was qualified to teach available in her department.  A male employee in Plaintiff's Department  was afforded the right to select courses in an area other than that for which he was hired.  There were other similar situations from other departments.   Similarly situated male employees retained their positions with Defendant Owens.

20.     The reasons advanced by Defendant Owens were false and pretextual, as Plaintiff was not afforded the right to select courses via the highest association seniority in the Englgish Department,

nor was she afforded the right to select courses as a qualified bargaining unit member with full-time teaching responsibilities in the English Department.

21. Plaintiff's Union refused to file grievances on her behalf to help with scheduling for faculty in the Humanities Department who were hired to teach Developmental English. Plaintiff requested an individual MOU (Memorandum of Understanding). Plaintiff's Union President refused, stating that the Union does not write individual MOUs. Plaintiff states that said reason is false and pretextual, as the Union has fought for and successfully obtained individual MOUs in the past for other faculty.

22. Plaintiff states that male employees were more favorably treated by Defendant Owens. They were not laid off from their positions, as they were permitted to move to other positions, rather than face the layoff.

23. Plaintiff states that male members were more favorably treated by Defendant Union. The Union has fought for MOUs for male members, and filed grievances on their behalf.

24. Plaintiff states that in terminating her employment, Defendant Owens has intentionally discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

25. Plaintiff states that in failing to represent her, Defendant Union has intentionally discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

26. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits,

diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses.

**SECOND CLAIM FOR RELIEF OF PLAINTIFF**
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq., Associational Disability Discrimination**
**Against Defendant Owens**

27.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-six (26) of this Complaint, supra, by reference in its entirety as if fully stated herein.

28.      Plaintiff states that at and prior to her termination, she was associated with a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.

29.      Plaintiff states that effective August 17, 2019, Defendant Owens terminated her employment because of her association with a person with a disability.  Plaintiff states that her husband suffered from a brain tumor, had a shunt which failed, and has a cochlear implant.  The brain tumor, shunt, and cochlear implant severely impacted Plaintiff's husband's major bodily functions including his neurological functioning and hearing. Furthermore, Plaintiff was advised by the insurance company that her son had cancer. This information was in error. It was determined that Plaintiff's son had irritable bowel syndrome which was miscoded as cancer. However, the Defendant Owens was well award of the costs involved with Plaintiff's  son due to the self-funded nature of the insurance costs.

30.     Defendant Owens was aware of Plaintiff's husband's shunt failure and resulting disability, as Plaintiff had informed Defendant, and her husband was on her insurance through Defendant Owens. Defendant was aware of Plaintiff's son's diagnosis as well.  It was necessary for Plaintiff to take time off under the Family and Medical Leave Act in order to care for her son's and husband's disabling conditions.

6

31.     Plaintiff attended a meeting on August 8, 2019, at which time she was notified that her position as Full-time Faculty in the English Department was eliminated effective August 17, 2019 due to "an enrollment decrease in the English Developmental Education courses."

32.     Plaintiff was laid off despite the fact that that there were courses she was qualified to teach available in her department.  Employees not associated with a person with a disability were afforded the right to select courses or move into non-bargaining unit positions.  Similarly situated employees retained their positions with Defendant.

33.     The reasons advanced by Defendant Owens were false and pretextual, as Plaintiff was not afforded the right to select courses via the highest association seniority in the Humanities Department, nor was she afforded the right to select courses as a qualified bargaining unit member with full-time teaching responsibilities in the Humanities Department.

34.     Plaintiff states that employees not associated with a person with a disability were more favorably treated.  They were not laid off from their positions, as they were permitted to move to other positions, rather than face the layoff.

35.     At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.  Plaintiff was qualified for her position, performed her job well, and satisfied the normal requirements of her position.

36.     Plaintiff states that the termination of Plaintiff permitted the retention of employees who were not associated with those with a disability.

37.      Plaintiff states that in terminating her employment,  Defendant Owens violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

38.      As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position. Plaintiff requests this court order Defendants to return Plaintiff to her position as Full-Time Faculty.

**THIRD CLAIM FOR RELIEF OF PLAINTIFF**
**Age Discrimination in Employment Act, 29 USC 621**
**Against Defendant Union**

39.      Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-eight (38) of this Complaint, supra, by reference in its entirety as if fully restated herein.

40.      Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as she is fifty-five (55) years of age.

41.      Plaintiff performed her job well, and was a highly rated and skilled member of Defendant's faculty. Plaintiff also was a member in good standing of Defendant Union.

42.      Plaintiff attended a meeting on August 8, 2019, at which time she was notified that her position as Full-time Faculty in the Humanities Department was eliminated effective August 17, 2019 due to "an enrollment decrease in the English Development Education courses."

43.      Plaintiff was informed by the Union President that they would not file a grievance, as the Union did not believe there was a contract violation.

44.      Plaintiff was laid off despite the fact that that there were courses she was qualified to teach available in her department.

45.      Plaintiff's Union refused to file grievances on her behalf to help with scheduling for faculty in the Humanities Department who were hired to teach Developmental English.  Plaintiff requested an individual MOU (Memorandum of Understanding).  Plaintiff's Union President refused, stating that the Union does not write individual MOUs. Plaintiff states that said reason is false and

pretextual, as the Union has fought for and successfully obtained individual MOUs in the past for other faculty.

46.     Plaintiff states that younger members were more favorably treated by Defendant Union. The Union has fought for MOUs for younger members, and filed grievances on their behalf.

47.     Plaintiff states that Defendant Union has unlawfully and/or willfully discriminated against her on the basis of age in violation of 29 U.S.C. §621 et seq.

48.     As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses.

**WHEREFORE,** Plaintiff demands a judgment against Defendant for restatement to her position, back pay, front pay, compensatory and punitive damages for emotional distress, anxiety, damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to her damages including back pay and front pay, all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

/S/Francis J. Landry

9

Francis J. Landry, Attorney for
Plaintiff, Shelley Beard

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/S/Francis J. Landry
Francis J. Landry